UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATERINA CERIC,

    Plaintiff,　　　　　　　　　　　　　　CASE NO. 25-

-vs-　　　　　　　　　　　　　　　　　　　　HON.

METALS ROYAL OAK, LLC, and
SERGIO BASMAJIAN,

    Defendants.

---

THE CORTESE LAW FIRM PLC
NANETTE L. CORTESE (P43049)
30200 Telegraph Rd., Ste. 400
Bingham Farms, MI 48025-4506
(248) 593-6933
ncortese@thecorteselawfirm.com

---

### PLAINTIFF KATERINA CERIC'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff Katerina Ceric by and through her attorneys and for this her Complaint hereby states as follows:

### I. JURISDICTIONAL AVERMENTS

1. Plaintiff Katerina Ceric is a resident of Macomb County, Michigan.

2. Defendant Metals Royal Oak, LLC is a Michigan corporation which conducts business in Oakland County, specifically a jewelry store located in Royal Oak, Michigan under the name Metals in Time.

3. Defendant Sergio Basmajian is the Managing Member/Owner of Defendant Metals Royal Oak, LLC operating as Metals in Time.

4. The events giving rise to this cause of action occurred in Oakland County, Michigan.

5. Venue and jurisdiction are proper in this Honorable Court.

6. There is federal subject matter jurisdiction based upon allegations of violation of federal statutes conferred by 28 U.S.C. §1331.

## II. FACTUAL AVERMENTS

7. Plaintiff reincorporates and re-alleges the above paragraphs as though fully stated herein.

8. Katerina Ceric was hired by Metals in Time on or about July 2024.

9. When Katerina Ceric was hired by Defendant it was represented to her that she would be provided insurance after one year of employment.

10. Beginning in or about September 2024, Defendant Sergio Basmajian subjected Plaintiff Katerina Ceric and her coworker Jolexis to comments based on their sex including, but not necessarily limited to, calling them bitches, whores, and hos several times per week.

11. In or about March 2025, Sergio Basmajian made a younger part-time employee, Taylor, the manager at the Metals in Time Royal Oak location.

12. Defendant Sergio Basmajian made a comment to Katerina Ceric to the effect of, "Oh you're an old lady and you're slow."

2

13. Katerina Ceric also experienced Defendant Sergio Basmajian failing to properly pay her commissions which she was promised and entitled to.

14. Katerina Ceric filed a complaint with the Michigan Department of Civil Rights in or about May or June 2025.

15. The complaint was assigned to Civil Rights Investigator Tabia Tabb.

16. Katerina Ceric was told by the Investigator Tabia Tabb that Ms. Tabb was going to speak to other employees at Metals in Time including to Defendant Sergio Basmajian.

17. In or about the summer of 2025, Katerina Ceric began requesting that she be provided health insurance as had been represented.

18. On or about Tuesday, August 26, 2025 Katerina Ceric sent a text message to Defendant Sergio Basmajian, "Hey. I've worked for u over a year. Can I please get papers for health insurance."

19. Katerina Ceric was terminated on or about September 2, 2025.

## COUNT I
## VIOLATION OF THE MICHIGAN CIVIL RIGHTS ACT

20. Plaintiff reincorporates and re-alleges the above paragraphs as though fully stated herein.

21. Defendant Katerina Ceric was an employee of Defendant Metals Royal Oak, LLC.

3

22. Katerina Ceric was subject to comments based on her sex, female, including, but not necessarily limited to, being referred to as bitches, whores, and hoes.

23. These comments were severe and/or pervasive.

24. These comments interfered Katerina Ceric's ability to do her job including, but not necessarily limited to, making it more difficult for Katerina Ceric to be in the proper positive mindframe to engage with and sell to customers after having been subject to such comments.

25. The comments made by Defendant Sergio Basmajian were unwelcome and had the effect of creating a hostile work environment for Katerina Ceric based on her sex, female.

26. Katerina Ceric was also subject to discrimination based on age including, but not necessarily limited to, being passed over for a promotion to Store Manager in favor of a younger employee who had less seniority, experience, and did not have a comparable degree.

27. Katerina Ceric engaged in protected conduct under the Michigan Civil Rights Act in making a complaint to the Michigan Department of Civil Rights.

28. Defendants knew that Katerina Ceric had made a complaint to the Michigan Department of Civil Rights and it is more plausible than not that the termination of her employment on or about September 2, 2025 was based, in whole or in part, in retaliation for her having engaged in protected conduct under the Michigan Civil Rights Act.

29. As a result of the actions by the Defendants in violation of the Act, Katerina Ceric has sustained damages including, but not necessarily limited to: termination of her employment; loss of back and front wages; loss of opportunity for advancement and/or promotion; loss of reputation; emotional distress; embarrassment; humiliation; loss of benefits; exemplary damages, etc.

WHEREFORE Plaintiff Katerina Ceric respectfully requests this Honorable Court award her all damages allowed under the Michigan Civil Rights Act including, but not necessarily limited to, economic damages, loss of back pay, loss of future pay, loss of benefits, non-economic damages, damages for loss of reputation, damages for embarrassment, humiliation, and/or emotional distress; consequential damages, incidental damages, exemplary damages, punitive damages, costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF TITLE VII AND
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

30. Plaintiff reincorporates and re-alleges the above paragraphs as though fully stated herein.

31. Defendant Katerina Ceric was an employee of Defendant Metals Royal Oak, LLC.

32. Katerina Ceric was subject to comments based on her sex, female, including, but not necessarily limited to, being referred to as bitches, whores, and hoes.

33. These comments were severe and/or pervasive.

34. These comments interfered Katerina Ceric's ability to do her job including, but not necessarily limited to, making it more difficult for Katerina Ceric to be in the proper positive mindframe to engage with and sell to customers after having been subject to such comments.

35. The comments made by Defendants Sergio Basmajian were unwelcome and had the effect of creating a hostile work environment for Katerina Ceric based on her sex, female.

36. Katerina Ceric was also subject to discrimination based on age including, but not necessarily limited to, being passed over for a promotion to Store Manager in favor of a younger employee who had less seniority, experience, and did not have a comparable degree.

37. Katerina Ceric engaged in protected conduct under the Michigan Civil Rights Act in making a complaint to the Michigan Department of Civil Rights.

38. Defendants knew that Katerina Ceric had made a complaint to the Michigan Department of Civil Rights and it is more plausible than not that the termination of her employment on or about September 2, 2025 was based, in whole or in part, in retaliation for her having engaged in protected conduct under the Michigan Civil Rights Act.

39. As a result of the actions by the Defendants in violation of the Acts, Katerina Ceric has sustained damages including, but not necessarily limited to: termination of her employment; loss of back and front wages; loss of opportunity for advancement and/or promotion; loss of reputation; emotional distress; embarrassment; humiliation; loss of benefits; exemplary damages, etc.

WHEREFORE Plaintiff Katerina Ceric respectfully requests this Honorable Court award her all damages allowed under Title VII and/or the Age Discrimination in Employment Act including, but not necessarily limited to, economic damages, loss of back pay, loss of future pay, loss of benefits, non-economic damages, damages for loss of reputation, damages for embarrassment, humiliation, and/or emotional distress; consequential damages, incidental damages, exemplary damages, punitive damages, costs, interest, and attorney's fees.

## COUNT III
## TERMINATION/RETALIATION IN VIOLATION OF ERISA

40. Plaintiff reincorporates and re-alleges the above paragraphs as though fully stated herein.

41. The Employee Retirement Income Security Act ("ERISA"), including, but not necessarily limited to, 29 U.S.C. §1140 prohibits retaliation against an employee for exercising rights under ERISA.

42. Plaintiff Katerina Ceric was promised health insurance under an employee benefit plan provided by Defendants.

43. Defendants' actions in terminating the employment of Katerina Ceric either were in retaliation for Katerina Ceric exercising her rights under ERISA and/or were done to interfere with Katerina Ceric attaining a right under ERISA to health insurance.

44. Katerina Ceric engaged in protected activity under ERISA by making repeated requests of Defendants that she be provided the health insurance which it was represented that she would have upon attainment of 1-year of employment with Defendant Metals Royal Oak, LLC.

45. Katerina Ceric suffered an adverse employment action in having her employment terminated by Defendants.

46. Defendants terminated Katerina Ceric's employment within a very short timespan after her exercise of her protected right under ERISA.

47. The fact that Defendants initially ignored Katerina Ceric's requests to be provided insurance benefits is further evidence that they did not intend to honor or pay those benefits.

48. Defendants will be unable to show a legitimate reason for the termination of Katerina Ceric's employment sufficient to overcome her prima facie case.

49. It is more plausible than not that Katerina Ceric's employment was terminated in retaliation for her exercising her rights under ERISA.

50. Alternatively, Defendants terminated Katerina Ceric's employment in order to interfere with and prevent her being able to obtain a benefit, health insurance, which she had been represented to by Defendants that she was entitled to after one year of employment.

51. As a result of Defendants' violation of ERISA, Plaintiff Katerina Ceric has sustained damages including, but not necessarily limited to, loss of back pay, loss of front pay, loss of opportunity for advancement, loss of reputation, emotional distress, embarrassment, humiliation, exemplary damages, etc.

WHEREFORE, Katerina Ceric respectfully requests this Honorable Court award her all damages allowable under ERISA including, but not necessarily limited to, economic damages, loss of back pay, loss of future pay, loss of benefits, loss of opportunity for advancement, non-economic damages, damages for loss of reputation, damages for embarrassment, humiliation, and/or emotional distress, consequential damages,

incidental damages, exemplary damages, punitive damages, costs, interest and attorney's fees.

## COUNT IV
## VIOLATION OF THE MICHIGAN SALES REPRESENTATIVE COMMISSION ACT

52. Plaintiff reincorporates and re-alleges the above paragraphs as though fully stated herein.

53. The Michigan Sales Representative Commission Act provides that principal is obligated to pay commissions on sales of goods when there is a contract between the principal and sales representative.

54. Defendants promised Katerina Ceric in an email dated July 26, 2024 that she would be compensated at a basis of $18.00 an hour "plus commission".

55. Defendant paid commissions as a percentage of sales of jewelry to the salesperson who was responsible for making the sale.

56. Katerina Ceric observed that on sales where she would help the customer that Defendant Sergio Basmajian would fail to pay her the entire commission to which she was entitled either by adding himself to the sale and the commission and/or by giving the commission in whole or in part to another salesperson or manager.

57. The failure to properly pay Katerina Ceric commissions to which she was entitled constitutes a violation of the Sales Representative Commission Act including, but not limited to, §600.2961.

58. As a result of Defendants' violations of the Sales Representative Commission Act, Katerina Ceric has sustained damages including, but not necessarily limited to, the loss of commissions and attorney's fees and costs.

59. The improper allocation of commissions on sales made by Katerina Ceric by Defendants was an intentional failure to pay commissions when due.

WHEREFORE, Plaintiff Katerina Ceric requests that she be awarded all damages allowed under the Michigan Sales Representative Commission Act including, but not necessarily limited to, commissions due and owing, damages equal to two times the amount of commissions due, her attorney's fees and costs and interest.

## COUNT V
## TERMINATION IN VIOLATION OF PUBLIC POLICY UNDER MICHIGAN LAW

60. Plaintiff reincorporates and re-alleges the above paragraphs as though fully stated herein.

61. Michigan law recognizes an exception to termination at will where an employee has been asked or directed by an employer to violate a law and the employee refuses to do so.

62. There was an incident when a customer had purchased a Rolex from Metals in Time and received a three-year warranty.

63. The customer came in with the Rolex that he had just purchased and stated there was an imperfection in it. When Plaintiff Katerina Ceric felt the Rolex, she could feel the imperfection.

11

64. Defendant Sergio Basmajian directed Ms. Ceric to tell the customer that the customer had been the one that messed up the watch.

65. Plaintiff Katerina Ceric did not carry out this instruction since informing the customer that he had been the one to damage the watch in order to avoid having to perform a repair under the warranty would have constituted a materially false representation to the customer and would have constituted fraud.

66. It is more plausible than not that the termination of Katerina Ceric's employment by Defendants was based, in whole or in part, by her refusing to engage in unlawful activity on behalf of Defendants including, but not necessarily limited to, as more fully set forth above.

67. As a result the actions by Defendants in terminating the employment of Katerina Ceric in violation of Michigan public policy, Plaintiff Katerina Ceric sustained damages including, but not necessarily limited to, loss of back wages, loss of front wages, loss of opportunity for advancement and/or promotion, loss of benefits, loss of reputation, emotional distress, embarrassment, humiliation, exemplary damages, etc.

WHEREFORE, Plaintiff Katerina Ceric respectfully requests this Honorable Court award her all damages allowed under the law including, but not necessarily limited to, economic damages, loss of back pay, loss of future pay, loss of benefits, non-economic damages, damages for loss of reputation, damages for embarrassment, humiliation

and/or emotional distress, consequential damages, incidental damages, exemplary damages, punitive damages, costs, interest and attorney's fees.

                                            Respectfully Submitted,

                                            THE CORTESE LAW FIRM, PLC

                                            /s/Nanette L. Cortese
                                            Nanette L. Cortese (P43049)
                                            Attorney for Plaintiff
                                            30200 Telegraph Road, Suite 400
                                            Bingham Farms, MI 48025
                                            (248) 593-6933/fax (248) 593-7933
                                            ncortese@thecorteselawfirm.com

DATED:  12/1/2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATERINA CERIC,

    Plaintiff,

-vs-

METALS ROYAL OAK, LLC, and
SERGIO BASMAJIAN,

    Defendants.

CASE NO. 25-CD-

HON.

---

THE CORTESE LAW FIRM PLC
NANETTE L. CORTESE (P43049)
30200 Telegraph Rd., Ste. 400
Bingham Farms, MI 48025-4506
(248) 593-6933
ncortese@thecorteselawfirm.com

---

## **JURY DEMAND**

NOW COMES Plaintiff, Katerina Ceric by and through her attorneys, The Cortese Law Firm, PLC, and hereby respectfully demands a trial by jury on all issues allowed by law.

    Respectfully submitted,
    THE CORTESE LAW FIRM, PLC

    /s/Nanette L. Cortese
    Nanette L. Cortese (P-43049)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI  48025
    (248) 593-6933/fax (248) 593-7933
    ncortese@thecorteselawfirm.com

Dated: December 1, 2025